# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

**WAYNE ALLAN PHILLIPS, JR.,**

        **Petitioner,**

**VS.**                                      **CASE NO. 5:24-cv-223-JA-PRL**
                                        **(5:22-cr-16-JA-PRL)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

_____

## ORDER

Petitioner, Wayne Allan Phillips, seeks relief under 28 U.S.C. § 2255, alleging that his court-appointed attorney was ineffective by: (1) not pursuing a direct appeal, (2) not arguing that he was not an armed career offender based on his prior state convictions,[1] and (3) not arguing that his gun possession was legal. (Doc. 1; Doc. cr. 65).[2] Because Phillips's claims are meritless, his motion is **DENIED.**

## I.     BACKGROUND

On March 29, 2022, Phillips was charged by indictment with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). (Doc. cr. 1). The indictment also alleged that Phillips

_____

[1] Ground four of Phillips's appeal is the same as ground two. (Doc. 1 at 20, 23).
[2] Citations to the underlying criminal proceeding in Case No. 5:22-cr-16-JA-PRL, will be "Doc. cr." followed by the applicable document number.

was subject to enhanced penalties as an armed career criminal under 18 U.S.C. § 924(e). (*Id.*). Phillips was represented by Criminal Justice Act attorney David Anthony Wilson. (Doc. cr. 17).

On April 7, 2023, Phillips waived his right to a jury trial. (Doc. cr. 54). Phillips stipulated to the facts underlying his possession of the firearm and ammunition, to his 2014 conviction for possession of a firearm by a convicted felon, and that he has never received executive clemency for his prior felony convictions. (Doc. cr. 52; Doc. cr. 55-1; Doc. cr. 55-2; Doc. cr. 55-3; Doc. cr. 55-7). Phillips's trial was on April 11, 2023, ending with the Court finding Phillips guilty as charged and finding that Phillips was subject to an enhanced sentence as an armed career criminal. (Doc. cr. 52).

On July 20, 2023, the Court sentenced Phillips to a 180-month term of imprisonment followed by 5 years of supervised release.[3] (Doc. cr. 59). Phillips did not appeal his conviction. Instead, on April 30, 2024, Phillips filed the instant § 2255 petition. (Doc. cr. 65; Doc. 1). On August 9, 2024, the Court found that Phillips waived his attorney-client privilege as to materials and conversations relevant to his petition and ordered his former defense counsel,

---

[3] The Court adopted the presentence investigation report without change—determining that Phillips's total offense level was "30, his criminal history category was V, and the guideline range was 180–188 months imprisonment followed by 2–5 years" supervised release—and thus sentenced him within the guideline range. (Doc. cr. 61).

Mr. Wilson, to execute an affidavit describing this information by August 23, 2024. (Doc. 7).

## II.    LEGAL STANDARD

### A.    *General Standards*

A federal prisoner may file a motion to vacate his sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order "to obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Habeas petitions brought pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f)(1)–(4). Here, the government concedes that Phillips's petition is timely. (Doc. 11 at 4).

### B. *Ineffective Assistance of Counsel*

Claims of ineffective assistance of counsel are subject to the two-prong analysis set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To make out a successful claim, Petitioner must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Id.* at 687. The Eleventh Circuit has recognized that given the "strong presumption in favor of competence, the petitioner's burden of

persuasion—though the presumption is not insurmountable—is a heavy one." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000).

## III.  DISCUSSION

### A. Ground One: Failure to file an appeal

First, Phillips argues that Mr. Wilson was ineffective for failing to file an appeal.  In this context, a lawyer's performance is deficient if he "disregards specific instructions from the defendant to file a notice of appeal." *Thomas v. United States*, No. 16-14955-B, 2018 WL 11301192, at *3 (11th Cir. Nov. 19, 2018) (citing *Roe v. Flores-Ortega,* 528 U.S. 470, 477 (2000)).  "[T]he first question to ask is 'whether counsel in fact consulted with the defendant about an appeal.'" *Thomas*, 2018 WL 11301192, at *3 (quoting *Roe*, 528 U.S. at 478)). Here, "the term 'consult' means 'advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes.'" *Thomas*, 2018 WL 11301192, at *3 (quoting *Roe*, 528 U.S. at 478)).  "If counsel has consulted with the defendant, he 'performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.'" *Thomas*, 2018 WL 11301192, at *3 (quoting *Roe*, 528 U.S. at 478)).

Here, Phillips claims that he asked Mr. Wilson to file an appeal, but that Mr. Wilson refused because he felt that Phillips "had waived all of his rights away by pleading guilty." (Doc. 1 at 7).  Phillips's claim here lacks merit.

4

Phillips did not plead guilty, which is why the Court held a bench trial. (*See* Doc. cr. 29; Doc. cr. 30, Doc. cr. 33 (reflecting that parties contemplated a plea but agreement was not reached)). Therefore, it is implausible that Mr. Wilson would have rejected Phillips's request to file an appeal because Phillips had pled guilty.

And that is consistent with Mr. Wilson's affidavit, which states that he consulted with Phillips about appealing and learned of Phillips's wish not to appeal. Mr. Wilson submits that after sentencing, he discussed with Phillips his "right to appeal and [Phillips] advised [counsel] that his preference was to not appeal, given the expectation that his cooperation would continue and he would ultimately be the beneficiary of a later Rule 35 motion for a downward departure, particularly in light of the absence of meritorious grounds upon which to base an appeal." (Doc. 11-1 ¶ 12). Mr. Wilson also attests that Phillips never "request[ed] the filing of a notice of appeal." (*Id.*). Thus, Mr. Wilson was not ineffective for failing to file an appeal on Phillips's behalf.[4]

B.  *Ground Two: Not pursuing the claim that Phillips's prior convictions do not qualify under the ACCA*

Next, Phillips claims that Mr. Wilson was ineffective by failing to

---

[4] Mr. Wilson was also not ineffective for failing to pursue the argument that the defendant was not an armed career criminal based on his Florida prior convictions. (Doc. 1 at 7–8). This argument is unmeritorious, as discussed in the next section of this discussion.

challenge his sentence enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), that increased the penalty to a 15-year minimum mandatory sentence of imprisonment based on his three prior convictions for robbery and sale of cocaine.[5]  Phillips first makes the general argument that based on *United States v. Erlinger*, 602 U.S. 821 (2024), his prior convictions "were not determined beyond a reasonable doubt."  (Doc. 1 at 6).

*Erlinger* requires the factfinder (here the Court) to find beyond a reasonable doubt that the defendant's past offenses were committed on separate occasions.  602 U.S. at 825, 835.  Here, as the government argues, *Erlinger* is inapplicable because Phillips "knowingly and intelligently waived his right to a jury determination on this issue and the evidence in the record was sufficient for the Court to find beyond a reasonable doubt that the predicate offenses were committed on different occasions."  (Doc. 11 at 6–7 (citing Doc. cr. 49 at 3; Doc. cr. 55-4; Doc. cr. 55-5; Doc. cr. 55-6)).  In fact, Mr. Wilson informed the Court that there was a bench trial, rather than a guilty plea, because "a recent court

---

[5] At trial, the government called a case agent and admitted evidence of Phillips's prior convictions in Florida for (1) robbery (case no. 2000-CF-258), (2) sale of cocaine (case no. 2002-CF-2841-A), and (3) sale of cocaine (case no. 2009-CF-487).  (Doc. 11 at 2 (citing Doc. cr. 52; Doc. cr. 55-4; Doc. cr. 55-5; Doc. cr. 55-6)).  These convictions qualified Phillips as an armed career criminal and resulted in a 15-year (or 180 month) minimum mandatory term of imprisonment under the ACCA.  (Doc. 1 at 7, 9; Doc. cr. 55 at 1; Doc. cr. 57 at 5–6, 21 (citing 18 U.S.C. §§ 922(g)(1), 924(e); U.S.S.G. §§ 4B1.4, 5G1.1(c)(2))).  Phillips also stipulated to a conviction in 2014 for possession of a firearm by a convicted felon.  (Doc. 11 at 2 (citing Doc. cr. 52; Doc. cr. 55-1; Doc. cr. 55-2; Doc. cr. 55-3; Doc. cr. 55-7)).

decision . . . require[ed] certain elements . . . be proven to the jury or to the Court." (Trial Tr. at 9). And the Court ultimately held that "the predicate offenses all did happen on separate dates and are qualifying felonies." (*Id.* at 10).

Phillips's second argument here is that under *Brown v. United States*, 602 U.S. 101 (2024),[6] his prior convictions for sale of cocaine are ineligible for ACCA enhancement. (Doc. 1 at 9). The government correctly argues that *Brown* is distinguishable from the instant case because it "dealt with the validity of Pennsylvania state convictions and is not relevant" here. (Doc. 11 at 7); *see Brown*, 602 U.S. at 123 (holding "that a state drug conviction counts as an ACCA predicate if it involved a drug on the federal schedules at the time of that offense"). Thus, Phillips's second (and fourth) ground for appeal is without merit.

### C. Ground Three: Second Amendment Argument

Phillips's final argument is that Mr. Wilson was ineffective by not making a second amendment challenge, resulting in Phillips taking a plea that he would not have otherwise. (Doc. 1 at 11–13). The issue with this argument is that it is premised on the claim that Phillips took a plea, which he did not. For that

---

[6] *Jackson v. United States*, 55 F.4th 846 (11th Cir. 2022), also cited by Phillips, was decided together with *Brown*. *See Brown*, 602 U.S. at 101.

reason, this ground also fails to raise a cognizable ineffective-assistance-of-counsel claim.

## IV.    CERTIFICATE OF APPEALABILITY

A prisoner whose motion to vacate is unsuccessful has no absolute right to appeal a district court's "final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1); *see* Rule 11, Rules Governing § 2255 Proceedings ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Instead, a district court first must issue a certificate of appealability (COA). 28 U.S.C. § 2253(c)(1). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, "the 'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), "or that the issues presented were 'adequate to deserve encouragement to proceed further,'" *Slack*, 529 U.S. at 484 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Phillips has not made this showing.

Accordingly, Phillips is not entitled to a certificate of appealability.

## V.    CONCLUSION

Accordingly, Phillips's motion (Doc. 1; Doc. cr. 65), for § 2255 relief is **DENIED**. The Clerk of Court shall enter judgment accordingly and is directed

to close this case. The Clerk of Court is also directed to file a copy of this Order in Criminal Case No. 5:22-cr-16-JA-PRL and to terminate the motion (Doc. cr. 65) pending in that case. A Certificate of Appealability is **DENIED** in this case.

    **DONE** and **ORDERED** on February 24, 2025.

JOHN ANTOON II
United States District Judge

Copies furnished to:
United States Attorney
Wayne Allan Phillips, Jr.
David Wilson, Esq.